WARREN WALKER, Appellant, v. A. L. BIRCHARD
*et al.*, Appellees.

Railroads: MUNICIPAL AID: INCUMBRANCE: LIABILITY OF DIRECTORS.
Under section 7, chapter 159, of the Acts of the Twentieth General
Assembly, making the directors of a railroad company receiving
taxes voted in aid thereof liable to any of its stockholders in double
the amount of the par value of his stock in the event of their voting
to bond or mortgage the road to exceed the amount of eight thou-
sand dollars per mile if a narrow-gauge road, or sixteen thousand
dollars per mile if a broad-gauge road, no liability arises where
such an incumbrance is voted prior to the voting of the tax, and
is executed and recorded before such tax is collected and paid to
the company.

*Appeal from Polk District Court.*—HON. MARCUS
KAVANAUGH, Judge.

WEDNESDAY, FEBRUARY 11, 1891.

ACTION under section 6, chapter 123, Laws of the
Sixteenth General Assembly, and section 7, chapter
159, Laws of the Twentieth General Assembly. The
defendant's demurrer to the petition being sustained,
and the plaintiff electing to stand upon his petition,
judgment was entered dismissing the same, and the
plaintiff appeals.—*Affirmed.*

*Warren Walker*, for appellant.

*Hubbard & Dawley*, for appellees.

GIVEN, J.—The petition shows that in pursuance
of the provisions of chapter 123, Acts of the Sixteenth
General Assembly, a tax was duly voted on the taxable
property of Cedar Falls township, Black Hawk county,
Iowa, on November 22, 1883, in aid of the Wisconsin,
Iowa & Nebraska Railway Company. That on June
2, 1884, a like tax was voted, as provided in chapter
159, Laws of the Twentieth General Assembly, upon
the taxable property of Waterloo township in said
county, in aid of said company. That said taxes were
due and payable one-half on January 1, 1885, and one-
half on January 1, 1886. That certain property-owners

named in the petition paid their taxes in the amounts
and at the times stated, and received certificates therefor
from the county treasurer, which they severally assigned
to the plaintiff; and that the railway company received
the taxes so paid, the last receipt being on November
7, 1888.    That on the dates named the plaintiff duly
presented said certificates to George G. McMichael,
secretary, treasurer and general manager of the com-
pany, and demanded stock therefor, which was refused.
That the defendants were members of the board of
directors of said company, and as such did on November
1, 1883, vote to bond and mortgage said road as follows:
A first mortgage to the Union Trust Company, dated
January 1, 1883, to the amount of twenty-four thousand
dollars per mile; and an income mortgage to Marshal
Oren Wilson and Albert Collins, dated January 2,
1883, to secure twenty thousand dollars income bonds
per mile,—the first of which mortgages was filed for
record in Black Hawk county, January 3, 1884, and the
other June 3, 1884.    That by said action of the defend-
ants the shares of stock to which the plaintiff is enti-
tled have been rendered of less value and wholly lost;
wherefore he asks judgment for double the value thereof
estimated at par.

It will be seen that, according to the petition, the
defendants' vote to mortgage the road was prior to the
voting of either tax; that the first mortgage was filed
for record several months before the second tax was
voted, and the second mortgage was filed on the same
day the second tax was voted; and that both mort-
gages were voted by the directors, executed and filed
for record long before any of the tax was due or paid.

The first ground of demurrer presents the question
whether directors are liable, under the statute, for vot-
ing such incumbrances before the tax is voted and
received.    Section 6, chapter 123, Acts of the Sixteenth
General Assembly, under which the first tax was voted,
is as follows:    "The board of directors of any railroad
company receiving taxes voted in aid thereof under the
provisions of this act, or those members thereof, or either

of them, who shall vote to bond, mortgage or in any manner incumber said road to an amount, if the same be a railroad of three-feet gauge, to exceed the sum of eight thousand dollars per mile, and if of the ordinary four feet, eight and one-half inch gauge, to exceed the sum of sixteen thousand dollars per mile, not including in either case any debt for ordinary operating expenses, shall be liable to the stockholders, or either of them, for double the amount, estimated at its par value, of the stock by him or her held, if the same should be rendered of less value or lost thereby." Section 7, chapter 159, Acts of the Twentieth General Assembly, under which the second tax was voted, is a re-enactment of section 6, with a slight transposition of the words, which does not alter the meaning, nor affect the question under consideration.

It is a matter of common knowledge that the construction of railroads in this state was largely aided by subscriptions to the stock of the companies and by voting taxes, and that, by reason of the extent to which the roads were incumbered after such aid was given, the people realized but little on the stock to which they were entitled. It was to remedy this wrong, and to secure to stockholders the value of their stock, unimpaired by incumbrances in excess of the amounts named, that the sections under which this action is brought were enacted. The liability created by these sections is extraordinary, and, if not penal, is certainly in the nature of a penal liability. It is to all stockholders, whether they become such by subscribing for or purchasing shares or by the payment of the tax voted in aid of the company. He who became a stockholder by paying the tax is entitled to no greater rights, under these statutes, than one who subscribed for or purchased shares. It would not be contended that directors would be liable for having voted incumbrances in excess of the amount named, to one who purchased stock with notice that the incumbrances had been voted, executed and recorded. We have seen that the taxpayers of Waterloo township had record notice of the first mortgage, which

is in excess of the limit, before the tax was voted on the property in that township; and that the taxpayers of both townships had record notice of both mortgages before they paid any of the tax, and before any of the tax was paid to the railroad company. If voting, executing and recording these incumbrances renders the defendants liable in this action, then their acts were a lawful reason for refusing to pay the tax, or, if payment was insisted upon, for enjoining collection, and, if payment had been made, to enjoin payment to the railroad company. The plaintiff's assignors had record notice of these incumbrances before they paid any part of the tax, and before any part of it was paid to the railroad company. They paid to the county treasurer, and permitted him to pay to the company, without protest and without invoking the ordinary and adequate remedies of the law that were open to them at every step. Surely it is not the purpose of the law to allow those who have thus acquiesced in the placing of the incumbrances to recover against the directors personally, because of their being so placed. Had the directors voted these excessive incumbrances after the company had received the tax, the case would be quite different. In such case taxpayers would be without remedy by the usual process of the law. True, if they had notice of the vote to incumber, they might ask injunction, but there is no requirement nor record that gives them such notice; and, when the incumbrance is executed, and rights of third persons arise, the stockholder is without remedy, except as it is given in the sections quoted. We are of the opinion that directors are personally liable to stockholders only in cases where, after the company has received taxes voted in its aid, the bonds are issued by their authority in excess of the limits named in the statute, and the stock is thereby rendered of less value.

It follows from these conclusions that the demurrer was properly sustained; and, as this fully disposes of the case, we need not consider the other questions raised and discussed. AFFIRMED.